IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EDMOND SCOTT,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RWT-11-2864 |
| **M. CLARK, CO II,** *et al.*, | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is Defendants Clark, Corcoran, Bivens, Fields, Whittington, and Fankam's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.[1]  ECF No. 15. Plaintiff has not responded.[2]  Upon review of the papers filed, the Court finds that a hearing in this matter is unnecessary.  See Local Rule 105.6 (D. Md. 2011).

### Background

Plaintiff alleges that on September 20, 2011, while under escort by Defendants Clark, Whittington, and Almiroudis, Plaintiff's arm was jerked in an aggressive manner by Whittington, who asked Plaintiff what he had in his hand.  Plaintiff claims that another officer informed Whittington that Plaintiff had religious beads in his hand, but Whittington continued to twist Plaintiff's arm.  Plaintiff further alleges that Whittington and Fankam lifted him off the floor and slammed him onto the ground, causing injuries to Plaintiff's face.

---

[1] Defendant Almiroudis has not been served with the Complaint.  For the reasons that follow, if Almiroudis had been properly served he would be entitled to summary judgment.  As such, Plaintiff's Complaint against Almiroudis shall be dismissed.

[2] Pursuant to the dictates of Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), on June 8, 2012, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action.  ECF No. 16.  Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely response could result in the dismissal of his case or in the entry of summary judgment against him.  Id.

Plaintiff asserts that he was handcuffed behind his back during this incident. He claims that Defendant Fields was present during these events and directed Almiroudis and Fankam to assist Whittington in restraining Plaintiff. Plaintiff alleges that he was carried to his cell and "thrown in" while he remained handcuffed. He asserts that shortly thereafter he was taken to an isolation cell and stripped of his clothing. He further alleges that he informed Warden Corcoran and Chief of Security Bivens about the incident but no action was taken by them. ECF Nos. 1 & 5. As relief, Plaintiff seeks compensatory damages and equitable relief including an investigation and prosecution of correctional staff.[3] Id.

Defendants Whittington, Fields, and Fankam aver that on September 20, 2011, at approximately 10:00 p.m., Whittington and Officer Almiroudis were escorting Plaintiff from K hospital to H housing unit. ECF No. 15, Exs. 1-3. When they arrived at the housing unit and the officers attempted to remove Plaintiff's leg irons, Plaintiff resisted by "kicking and attempting to pull away from staff." Officers ordered Plaintiff several times to allow the officers to remove his leg irons. After Plaintiff complied with these orders, and the leg irons were removed, Plaintiff resisted efforts to return to his housing location by "kicking his legs and swinging his arms." Whittington, Young, Almiroudis, and Fankam, in an effort to gain control of Plaintiff, each took hold of one of Plaintiff's limbs, picked him up, and placed him in his cell without incident. Id. Lt. Adisa's investigation of the incident confirms the officers' version of events. Id., Ex. 4.

---

[3] As an alleged crime victim, Plaintiff is not entitled to the relief he seeks regarding investigation and prosecution of the alleged crimes. Plaintiff has no constitutional right to insist upon the criminal prosecution of his alleged assailants. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (noting that there is no right to force the state to prosecute others under the equal protection clause).

According to the investigation of the incident, after Plaintiff was placed in his housing pod, Sergeant Fields notified Captain Dorsey of the encounter, indicating that Plaintiff was still handcuffed and refused to have his handcuffs removed. Id., Ex. 5. Dorsey went to the housing unit to speak with Plaintiff in an effort to retrieve the handcuffs. Id., Ex 5. Approximately fifteen minutes later, Plaintiff allowed officers to remove the handcuffs. Plaintiff did not complain to Dorsey that he had been assaulted or had any injuries, nor did Dorsey notice any "obvious signs of injury." Id.

After Plaintiff was secured in his cell, Sergeant Cecil directed Officer Leura to observe Plaintiff until an observation aid could arrive. Id., Ex. 6. Shortly thereafter, Leura observed Plaintiff banging his head and face on the window screen in the back of the cell. Leura commanded Plaintiff to stop, but he refused to comply. Plaintiff wiped his bleeding head with tissue paper and then threw the paper out of his cell. Plaintiff also wiped his head on the cell door window. Sergeant Cecil also observed Plaintiff's behavior. Id., Ex. 7. Approximately four hours later, Plaintiff was treated by medical staff. Id., Ex. 8.

**Standard of Review**

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court clarified that this does not mean that any factual dispute will defeat the motion, as follows:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

The "party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The Court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [his] favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The Court, however, must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

**Analysis**

To determine if prison officials used excessive physical force, the Court considers whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The Court considers the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley v. Albers, 475 U. S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. See Wilkens v. Gaddy, __ U.S. __, 130 S. Ct. 1175 (2010). The extent of injury incurred is one factor indicative of whether or not

the force used was necessary in a particular situation, but if force is applied maliciously and sadistically, liability is not avoided simply because the prisoner had the good fortune to escape serious harm. Wilkens, 130 S. Ct. at 1178-79.

Defendants deny that Plaintiff was assaulted and further deny that the force used to gain Plaintiff's compliance with direct orders was excessive. Record evidence demonstrates that the force used—securing Plaintiff's limbs and physically placing him in his cell—was minimal and was undertaken in order to keep the facility secure. Moreover, the force used was necessary given Plaintiff's refusal to comply with lawful orders. Additionally, the force was tempered in that Plaintiff was given an opportunity to comply with lawful orders before the force was applied. Additionally, the record evidence shows that Plaintiff suffered no injury as a result of the application of the force; rather, the injuries treated by medical staff were self-inflicted.

## Conclusion

For the aforementioned reasons, Defendants' Motion, ECF No. 15, construed as a motion for summary judgment, shall be granted. A separate Order follows.

<u>September 28, 2012</u>　　　　　　　　　　　　　　　<u>　　　　/s/　　　　</u>
Date　　　　　　　　　　　　　　　　　　　　　　　Roger W. Titus
　　　　　　　　　　　　　　　　　　　　　　United States District Judge